**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| Plaintiff | : | |
| v. | : | |
| HOME PROPERTIES, L.P. t/a BROADLAWN APARTMENTS | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant, Home Properties of New York, L.P. ("Defendant"),[1] submits the following memorandum of law in support of its Motion to Dismiss or, in the Alternative, for a More Definite Statement.

I.   **INTRODUCTION**

Plaintiff, Philip E. Berens ("Plaintiff") has filed a Complaint against Defendant which raises issues of federal law by reference to civil rights statutes, age discrimination statutes and fair housing violations.  Pursuant to the well-pleaded complaint rule, Defendant removed Plaintiff's action to this Court.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997) (noting that well-pleaded complaint rule provides that a cause of action arises under federal law when the complaint raises issues of federal law.)

---

[1]   Plaintiff refers to Defendant as "Home Properties, L.P." in his complaint.  The correct legal name of Defendant is "Home Properties of New York, L.P."

This Court should now dismiss Plaintiff's Complaint because it fails to clarify which of the many federal civil rights statutes Plaintiff believes Defendant has violated and how they are applicable to the present case, and because the Complaint otherwise fails to establish any legally cognizable claims. In the alternative, Plaintiff should be required to file a more definite statement so that Defendant can file a responsive pleading.[2]

## II. PROCEDURAL HISTORY

On May 22, 2002, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas for Delaware County, Pennsylvania alleging, among other things, age discrimination arising out of Defendant's failure to renew his rental apartment lease. See Complaint, attached as Exhibit A. Plaintiff served the Complaint upon Defendant on May 30, 2002.

On June 19, 2002, Defendant removed Plaintiff's lawsuit to this Court based on the Court's federal question jurisdiction.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint sets forth the following allegations against Defendant: (1) civil rights violations, including "old age discrimination."(Complaint at ¶¶ 18, 30); (2) fair housing violations. (Complaint at ¶ 30); (3) violation of public policy by evicting Plaintiff from his apartment. (Complaint at ¶ 19); (4) failure to notify Plaintiff of an armed robbery in Defendant's stairway and of other local crimes. (Complaint at ¶ 20); (5) failure to install an apartment peephole. (Complaint at ¶ 22); (6) lease violations. (Complaint at ¶ 25); (7) "[d]isruption of the

---

[2] If Plaintiff did not intend to refer to any federal statutes, an amended, well-pleaded complaint would resolve this issue as well.

plaintiff's lease contract with defendant" and "interference with the plaintiff's housing." (Complaint at ¶ ¶ 27, 29); and (8) defamation. (Complaint at ¶ 28).

As demonstrated below, none of these allegations state a claim against Defendant and thus should be dismissed. In the alternative, the Court should require Plaintiff to file a more definite statement.

**IV.    ARGUMENT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under this rule, a complaint may be dismissed if it appears clear that the plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Although courts will generally construe complaints filed by pro se litigants liberally because of their lack of familiarity with legal proceedings, see e.g., Mazur v. Commonwealth of Pennsylvania, Department of Transportation, 507 F. Supp. 3, 4 (E.D.Pa. 1980), Plaintiff identifies himself as an attorney in his Complaint and thus should not be afforded any such liberal construction.

In addition to Rule 12(b)(6), Rule 12(e) provides that where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e).

A review of Plaintiff's Complaint demonstrates that it should either be dismissed under Rule 12(b)(6) for failing to state a claim, or that this Court should require Plaintiff to file a more definite statement pursuant to Rule 12(e).

First, Plaintiff claims Defendant is liable to him for "civil rights violations, including old age discrimination," apparently for failing to renew his lease and for evicting him. See Complaint at ¶¶ 17, 18. Plaintiff also claims Defendant has violated "civil rights statutes and age discrimination and related statutes and fair housing violations and related statutes." Id. at ¶ 30.

Although these allegations involve federal statutes, Plaintiff never clarifies which statutes Defendant has allegedly violated, and has altogether failed to establish the applicability of any such statues to this action. For example, 42 U.S.C. section 1983[3] is a civil rights statute but is clearly not applicable to the present case. Accordingly, Plaintiff's claims regarding age discrimination and civil rights and fair housing violations should be dismissed. In the alternative, Plaintiff should be required to file a more definite statement with respect to these allegations so Defendant can frame a responsive pleading.

Second, Plaintiff claims Defendant violated "public policy" by evicting him. This allegation should be dismissed outright because there is no such legally cognizable claim. Moreover, plaintiff's eviction has already been litigated, as Plaintiff notes in his Complaint. See Complaint at ¶¶ 11-14.

---

[3] 42 U.S.C. section 1983 makes it unlawful for any person "under color of any statute" to deprive "any citizen of the United States…to…any rights, privileges or immunities secured by the Constitution and laws…."

Plaintiff vaguely alleges that Defendant violated his lease and is liable to him for "disruption" of his lease contract with Defendant and for "interference" with his housing but does not specifically identify any wrongful conduct or term of the lease which was violated.

Plaintiff also vaguely claims that Defendant is liable to him "for the defendant's defamatory statements regarding the plaintiff." See Complaint at ¶ 28. Plaintiff, however, never identifies the alleged defamatory statements, or when they allegedly occurred. Thus, this claim should be dismissed or, in the alternative, Plaintiff should be required to file a more definite statement.

## V.     CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint or, in the alternative, require Plaintiff to file a more definite statement.

Respectfully submitted,

_____
Robert M. Goldich, Esquire
I.D. No. 25559
Douglas Diaz, Esquire
I.D. No. 84385
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street
22nd Floor
Philadelphia, PA  19103
(215)  977-2000

Date:   June 26, 2002

## CERTIFICATE OF SERVICE

I, Douglas Diaz, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss or, In the Alternative, for a More Definite Statement, and memorandum of law in support thereof, was served via fax and regular mail on June 26, 2002 on the following:

> Philip E. Berens, Esquire
> 275 Bryn Mawr Avenue
> Unit H 29
> Bryn Mawr, PA 19010

_____
Douglas Diaz, Esquire

Dated:  June 26, 2002