UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HOME PROPERTIES, L.P. | : | |
| t/a BROADLAWN APARTMENTS | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF PHILIP E. BERENS' MOTION TO RETURN AND REMAND THE
PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON
PLEAS COURT WHERE IT WAS ORIGINALLY, PROPERLY FILED**

STATEMENT OF FACTS

    1.  On May 22, 2002, the plaintiff, Philip E. Berens, an attorney, filed a Complaint

(attached here as plaintiff's Exhibit A) in Common Pleas Court in Delaware County, Pa.

at 02-06369.

    2.  This attached Complaint, on its face, asked for an Answer within twenty (20)

days.

    3.  On Thursday, June 20, 2002, the plaintiff, Philip Berens, obtained the official

docket dated 6/20/02, (attached here as plaintiff's Exhibit B), stating that Complaint

service was made on the defendant on 6/07/2002, more than twenty days ago and that the

defendant had not filed any Answer or other Reply to that Complaint.

    4.  The plaintiff, Philip Berens, then, on that same Thursday, June 20, 2002,

personally served, now twenty-one days after service, an Important Notice of Default and

a Deposition Notice (attached here as plaintiff's Exhibit C and D)

on the defendant's manager, Barbara Jenzulli, at the defendant's office.   On that same

Thursday, June 20, 2002, attorney Philip Berens faxed those same two Notices (attached

here) to Barbara Jenzulli at defendant's Delaware County Office.

5.  On Friday afternoon, June 21, 2002 at 3:00 PM, the plaintiff, Philip Berens,

was told for the first time that his Delaware County Common Pleas civil suit had

allegedly been transferred to a Federal Court by a defendant's attorney, Douglas Diaz, on

Wednesday, June 19, 2002.

6.  Plaintiff, Philip Berens' fax number and phone number and address are on the

front page of the plaintiff, Philip Berens' Complaint, that is attached here.

7.  On Friday afternoon June 21, 2002 at 3:19 PM, attorney, Douglas Diaz, with

Wolf, Block Shore and Solis-Cohen faxed a seven-page Notice of Filing of Notice of

Removal with a Defendant's Notice of Removal, both dated June 19, 2002.  (Those seven

faxed pages, including a cover sheet, are attached here as plaintiff's Exhibit E.)

8.  In the attached Notice of Filing of Notice of Removal, defendant's attorney,

Douglas Diaz (with Wolf, Block) included his Certificate of Service, (plaintiff's Exhibit

F) dated June 19, 2002, stating, "I Douglas Diaz hereby certify that on June 19, 2002, I

caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to

be served via certified mail, postage pre-paid to the following: Philip E. Berens, Esquire,

275 Bryn Mawr Avenue, Unit #29, Bryn Mawr, Pa.  19010."

9.  In the attached Defendant's Notice of Removal  defendant's attorney, Douglas

Diaz (with Wolf, Block) included his Certificate of Service, (plaintiff's Exhibit G) dated

June 19, 2002, stating, "I Douglas Diaz hereby certify that on June 19, 2002, I caused a

true and correct copy of the foregoing Defendant's Notice of Removal to be served via

certified mail, postage pre-paid to the following: Philip E. Berens, Esquire, 275 Bryn Mawr Avenue, Unit #29, Bryn Mawr, Pa.  19010."

10.  The foregoing Defendant's Notice of Filing of Removal with the Defendant's Notice of Removal, including Douglas Diaz two separate Certificates of Service, was the first written comment from any defendant's representative regarding this suit.

11.  On that same Friday afternoon at 4:09 PM, June 21, 2002, defendant's attorney, Douglas Diaz faxed another two-page letter, dated June 21, 2002, (attached here as plaintiff's Exhibit H).

12.  Philip Berens then phoned Steven Diaz on Friday afternoon, June 21, 2002 and was told Defendant's Answer would be filed next week.

13.  The next mail from defendant was the U.S. mail delivery by regular delivery to Philip Berens on Monday June 24, 2002 of a Registered U.S. Mail letter to Philip E. Berens, containing the defendant's Removal documents.

14.  According to the Certified mail envelope (attached here as plaintiff's Exhibit I) that was delivered on June 24, 2002, that Certified Mail envelope states, at the meter stamp, that the envelope was still in the possession of and not mailed yet by Wolf, Block on June 20, 2002.  The mail meter F9000824 on that June 29, 2002 stamp is in the possession and control of Wolf, Block, Schorr and Solis Cohen.

15.  It seems that the two attached Certificates of Service (Exhibits F and G), certifying a June 19, 2002 Certified mailing by Douglas Diaz are incorrect.

16.  June 19, 2002 was the twentieth (20th) day, during which the defendant must file an Answer or similar Reply to the plaintiff's Complaint.

17.   Plaintiff is attaching here as plaintiff's Exhibit J, a Suburban newspaper article describing the defendant, Home Properties, purchase and unpleasant control of defendant's apartments, including the Broadlawn Apartments.

18.   Plaintiff is attaching here as plaintiff's Exhibit K, a Phila. Daily News article of March 6, 2002, and as plaintiff's Exhibit L a Phila. Inquirer article on June 25, 2002 and as plaintiff's Exhibit M, a Phila. Metro article on June 25, 2002, all regarding defendant's attorney's law firm Wolf Block's senior partner, Robert Jacobs's, fraudulent activity.

19.   The newspaper articles are self-explanatory.  Defendant's attorney, Douglas Diaz, was aware of their contents before Douglas Diaz transferred the subject suit without proper notice to the plaintiff, who is an attorney.

20.   Defendant's attorney, Douglas Diaz, should have faxed either before or on Wednesday, June 19, 2002, the so-called Notice of Filing of Notice of Removal and the Defendant's Notice of Removal.

21.   When Douglas Diaz realized on Friday, June 21, 2002, that the plaintiff could not have received the Notice of Filing of Notice of Removal and the Defendant's Notice of Removal, Douglas Diaz then faxed those two Notices to Philip E. Berens on Friday, June 21, 2002.

22.   Instead of filing an Answer to plaintiff's Complaint, Defendant's attorney, Douglas Diaz, has on Wednesday, June 26, 2002, filed a Motion to Dismiss in Federal Court.

23.   On June 26, 2002, plaintiff obtained from the Delaware County Court Administrator, the Berens-Home Properties docket (attached here as plaintiff's Exhibit

N), indicating that as late as June 24, 2002, the defendant's attorney, Douglas Diaz, had not paid to the Delaware County Court the required transfer fee.  There was also, in the docket, some confusion as to the date when the defendant filed its two Notices to remove the suit to the federal court.

24.  On June 28, 2002, the plaintiff, Philip Berens, visited the U.S. District Court Clerk's Office in Room 2609 but the federal docket was not available.  Philip Berens then filed a Request Form (attached here as plaintiff's Exhibit O).  The plaintiff assumes that the defendant's attorney, Douglas Diaz, filed with the U.S. District Court a Certificate of Service alleging a mailing on June 19, 2002 to Philip Berens.  That alleged June 19, 2002 mailing by the defendant is disputed by the plaintiff.

25.  It is alleged that the defendant's attorney, Douglas Diaz, did not mail either of the two Removal Notices on June 19, 2002.

26.  If the defendant's attorney, Douglas Diaz, incorrectly certified that Douglas Diaz mailed those two defendant's Removal Notices on June 19, 2002, and filed those two Certificates and Removal Notices in U.S. District Court, then those two removal Notices are invalid.

27.  The plaintiff's Complaint should now be returned and remanded to the Delaware County Common Pleas Court where that Complaint was originally filed.

28.  These facts, alleged here, speak for themselves.

29.  The defendant should now admit or deny each alleged fact by referring to each number fact paragraph.

MEMORANDUM OF LAW

1.  The law here is better known by the Courts than by me.  Everyone knows the difference between right and wrong.

2.  Defendant's attorney referred in defendant's Notice of Removal to 28 U.SC. Sections 1331, 1367, 1391, 1441 and 1446, but defendant's attorney did not describe or cite any opinions or other statutes, or cases that would support the defendant's reliance on these sections.

3.  The burden of proof is on the defendant here to establish federal jurisdiction. 882 F.Supp.585; and 920 F.Supp.1184 (D.Kansas 1996) and 925 F.Supp.617.

4.  Civil enforcement of state statutes is not removable 903 F.Supp 67.  Certain tort claims belong only in state courts, 26 Fd.3rd 116, Cert Denied 513 US 1121. Defamation claims belong in state courts, 873.F.Supp. 833.  Malicious prosecution claims belong in state courts, 22 Fd.3rd 422.

4.  Under the "Well-Pleaded Complaint" rule, the Federal Court must look at the plaintiff's Complaint and the federal court lacked jurisdiction, 180 Fd.3rd 263. C.A.2(1995).

5.  42 USC Section 1367(a) deals with supplemental jurisdiction.  Consideration of judicial economy, convenience, fairness and comity weighed in favor of declining federal jurisdiction over plaintiff's state court claims where none of plaintiff's state-court claims involved federal court claims, 963 F.Supp.143, affd.146 F3rd 57.

6.  The federal courts did not have supplemental jurisdiction in civil rights claims, 144 F3rd 7, Cert.Denied 525 U.S. 930 (1998); and 55 F3rd 1158 (C.A.6 Ohio 1995).

7.  28 U.S.C. Section 1391 deals with venue.

8.  28 U.S.C. Section 1441 deals with venue.

9.  Requirements of filing for removal with state court and giving written notice to adverse party constitute mandatory conditions precedent to termination of state court and assumption by federal court, 161F.Supp.627, 405 So.2d 836.

10.  Where the defendant was guilty of an unnecessary delay of five days in notice to plaintiff of filing, the action was remanded and returned to state court, 274 F.Supp.719, (D.C. Puerto Rico, 1967).

11.  The presence of a federal question must be in the Complaint and not be aided by defendant's Removal Notice, 197 F2d 369 (CA Texas, 1952) and 487 F.Supp. 345(DC Miss, 1980).

<u>CONCLUSION</u>

Because of the facts and the law in this Plaintiff's Motion, the plaintiff's Complaint should now be returned and remanded to the Delaware County, Pennsylvania Common Pleas Court, where it was originally properly filed.

_____
Philip E. Berens
Defendant
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Philip E. Berens, hereby certify that a true and correct copy of the foregoing

PLAINTIFF PHILIP E. BERENS' MOTION TO RETURN AND REMAND THE

PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON

PLEAS COURT WHERE IT WAS ORIGINALLY, PROPERLY FILED was served by

hand delivery and by regular mail on Wednesday, July 3, 2002 on the following:


**Douglas Diaz, Esquire**
**Wolf, Block, Schorr and Solis-Cohen**
**1650 Arch Street**
**22nd Floor**
**Philadelphia, Pa.  19103**


                                        _____
                                        Philip E. Berens, Attorney and Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP E. BERENS                          :          NO. 02-CV-3857
                                          :
                    Plaintiff             :
                                          :
            v.                            :
                                          :
HOME PROPERTIES, L.P.                     :
t/a BROADLAWN APARTMENTS                  :
                                          :
                    Defendant             :

# O R D E R

And Now this            day of                              , 2002

upon consideration of PLAINTIFF PHILIP E. BERENS' MOTION TO RETURN AND

REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA.

COMMON PLEAS COURT WHERE IT WAS ORIGINALLY, PROPERLY FILED,

and any responses thereto, it is hereby ORDERED AND DECREED that the plaintiff's

Motion is GRANTED and the plaintiff's Complaint is returned and remanded to the

Delaware County, Pennsylvania Court of Common Please where it was originally filed.


_____
                                                              J.