UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| Plaintiff | : | |
| v. | : | |
| HOME PROPERTIES, L.P.<br>t/a BROADLAWN APARTMENTS | : | |
| Defendant | : | |

**O R D E R**

And now this            day of                              , 2002, upon consideration of Defendant's Motion to Dismiss or, in the Alternative for a More Definite Statement and Plaintiff, Philip E. Berens', Answer and Supplemental Answer to that Motion, it is hereby ORDERED that the Defendant's Motion is DENIED and DISMISSED.

 

 

_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| Plaintiff | : | |
| v. | : | |
| HOME PROPERTIES, L.P.<br>t/a BROADLAWN APARTMENTS | : | |
| Defendant | : | |

**O R D E R**

And now this _____ day of _____, 2002, upon consideration of Defendant's Motion to Dismiss or, in the Alternative for a More Definite Statement and Plaintiff, Philip E. Berens', Answer and Supplemental Answer to that Motion, it is hereby ORDERED that the plaintiff is required to file a more definite statement within ten (10) days.

_____

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| Plaintiff | : | |
| v. | : | |
| HOME PROPERTIES, L.P.<br>t/a BROADLAWN APARTMENTS | : | |
| Defendant | : | |

**PLAINTIFF, PHILIP E. BERENS' SUPPLEMENTAL ANSWER TO THE DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE FOR A MORE
DEFNITE STATEMENT**

<u>Plaintiff's Supplemental Statement of Facts</u>

1. On June 26, 2002, defendant's attorney, Douglas Diaz, for Wolf Block, faxed and mailed by regular mail to the plaintiff, a seventeen-page transmittal, including the cover sheet and nine pages of Defendant's Motion to Dismiss or, in the Alternative for a More Definite Statement and seven pages of plaintiff's original Complaint. Defendant did not fax or mail then the seven Plaintiff's Exhibits A to G, that were attached to plaintiff's Complaint when it was originally filed in Court. These seven Exhibits add information and law to the plaintiff's Complaint as originally filed in Court.

2. In the five-line defendant's Motion to Dismiss, or, in the Alternative for a More Definite Statement, the defendant states, "…In the alternative to require plaintiff to file a more definite statement…"

3. In the INTRODUCTION, to the defendant's Memorandum of Law, the defendant stated, "In the alternative, plaintiff should be required to file a more definite statement so that defendant can file a responsive pleading."

4. In the defendant's Proposed ORDER, there is no mention of any requirement to plaintiff to file a more definite statement.

5. Plaintiff has, therefore, attached to Plaintiff's Answer, two proposed ORDERS, one to deny plaintiff's Motion, and the second Order to require the plaintiff to file a more definite statement. The plaintiff asks your Court to sign the first Order for Dismissal and to not sign the second Order for a more definite statement.

6. In defendant's Memorandum of Law, in the INTRODUCTION and in the PROCEDURAL HISTORY in that Memorandum, the defendant stated, "See Complaint attached as Exhibit A."

7. The plaintiff's Complaint that was attached to defendant's Motion did not contain the plaintiff's seven Exhibits, A to G, that were attached by plaintiff to the Complaint that the plaintiff originally filed in Court.

8. These plaintiff's seven Exhibits in plaintiff's Complaint add much information and law to the plaintiff's Complaint. The absence of these Exhibits in defendant's Motion, make that Motion invalid and subject to denial.

9. The plaintiff's Complaint that was originally filed in Court is attached here as plaintiff's Exhibit A. This attached plaintiff's Complaint (plaintiff's Exhibit A) contains here, those seven plaintiff's Exhibits that give more information and meaning to plaintiff's complaint.

10. Plaintiff's Complaint with its seven attached Exhibits gives enough Notice to the defendant to file an Answer here.

11. The seven plaintiff's Complaint Exhibits are the, "More definite statement" that the defendant requested in defendant's Motion and has already received.

12. The Federal Court's requirement of Notice Pleading is fulfilled by the plaintiff's Complaint with seven Exhibits attached to that Complaint.

13. Defendant's failure to attach the seven plaintiff's Complaint Exhibits with defendant's Motion is a fatal flaw in defendant's Motion.

14. The defendant claimed to know and understand all of the contents of the plaintiff's Complaint when the defendant transferred plaintiff's Complaint from a State Court to a Federal Court.

15. On the twenty-first day after service of the Complaint on Defendant, the plaintiff personally and by fax, on June 20, 2002, served a deposition notice on defendant's office manager for a July 1, 2002 deposition, but defendant's attorney, Douglas Diaz, cancelled all depositions and all other discovery.

16. On that June 20, 2002, defendant had not yet notified the plaintiff of the defendant's alleged transfer of this suit from a State Court to a Federal Court.

17. The defendant should file an Answer to plaintiff's Complaint and use discovery to obtain further information.

17-A. The plaintiff's Complaint that was originally filed in Court, on May 22, 2002, correctly, properly contains only seven plaintiff's Complaint Exhibits that go from A to G instead of the "fifteen" "A to O" Exhibits that were incorrectly stated in

Paragraphs 1, 7, 8, 9, 10, 11, 12, and 13 in the PLAINTIFF'S ANSWER that was filed in Court on July 8, 2002

      17-B.  In the PLAINTIFF'S ANSWER that was filed on July 8, 2002, the attached Plaintiff's Exhibit G (Philip Berens' letter dated June 3, 1999) was attached to the end of plaintiff's Exhibit A in PLAINTIFF'S ANSWER, instead of at the end of plaintiff's Exhibits as the final Exhibit, G.  In plaintiff's original Complaint that was filed in Court, on May 22, 2002, Exhibit G, the June 3, 1999 letter, was at the end of the Exhibits.

Plaintiff's Supplemental Memorandum of Law

The federal Court's requirement of notice of pleading is fulfilled by the plaintiff's Complaint with seven Exhibits attached to that Complaint.

In defendant's Memoradum of Law, the defendant has cited only the following six (6) references:

1) Chicago v. Int College

2) FRCP Rule 12 (b) (6)

3) Hishon v. Spalding

4) Mazur v. Pa. D.O.T.

5) FRCP 12 (e)

6) 42 U.S.C. Section 1983

In City of Chicago, v. International College, 522 U.S. 156 (1997), in the opening note 8, it was stated, "…such [Federal} jurisdiction should not be exercised in all cases. 28 U.S.C.A. Sec. 1367 (a)" and in opening note 12, "There may be situations in which District Courts should abstain from local administrative determination even if jurisdictional prerequisites are otherwise satisfactory."

F.R.C.P. 12 (b) (6) states in full "(6) failure to state a claim upon which relief can be granted." The plaintiff has, in his Complaint, with 7 Exhibits, stated a claim upon which relief can be granted.

In Hishon v. King, 467 U.S. 69 (1984) the U.S. Supreme Court held, "Held: Petitioner's Complaint states a claim cognizable under title VII and she, therefore, is entitled to her day in Court to prove her allegations.

In Mazur v. Pa.D.O.T. (U.S.D.C., E.D. Pa. 1980), "Plaintiff now seeks review in Federal Court of the State Court determination." "Due regard for the rightful independence of state governments requires Federal Courts to confine their own jurisdiction to the precise limits established thereby, 404 U.S. 202 (1971)." This Mazur Opinion does not refer to the issue of a well-pleaded Complaint. This Mazur opinion seems to say that the defendant should not have arbitrarily transferred the plaintiff Berens' State Court Complaint to a Federal Court, on which the plaintiff filed a Motion on July 3, 2002 in Federal Court.

In F.R.C.P. 12 (e), it begins, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The plaintiff's Complaint, with its attached seven Exhibits, is neither vague nor ambiguous. The defendant's Motion for a more definite statement should be denied and dismissed.

U.S.C.A. Section 1983, is almost one entire statute book. It starts in that book at page 13 and ends at page 1100. Defendant's Memorandum of Law states, "For example, 42 U.S.C.S. Section 1983 is a civil rights statute but is clearly not applicable to the present case. If it is so …"clearly not applicable…", why didn't the defendant's attorney cite several cases in that 1,087 page book, or else, not mention it.

Conclusion

       Defendant's Motion to Dismiss or to obtain a more definite statement should be denied and dismissed.

                                                   _____
                                                   Philip E. Berens, defendant and
                                                   Attorney for defendant

## CERTIFICATE OF SERVICE

I, Philip E. Berens, hereby certify that a true and correct copy of the foregoing PLAINTIFF PHILIP E. BERENS' SUPPLMENTAL ANSWER TO DEFENDANT'S MOTION TO DISMISS was served by hand delivery and by regular mail on Monday, July 8, 2002 on the following:

**Douglas Diaz, Esquire**
**Wolf, Block, Schorr and Solis-Cohen**
**1650 Arch Street**
**22nd Floor**
**Philadelphia, Pa.  19103**

_____
Philip E. Berens, Attorney and Defendant

## **V E R I F I C A T I O N**

I, Philip E. Berens, verify that the facts set forth in the attached PLAINTIFF PHILIP E. BERENS' SUPPLEMENTAL ANSWER TO DEFENDANT'S MOTION TO DISMISS are true and correct to the best of my knowledge, information and belief based on information received. I understand that any false statement made therein are subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

                                                              _____
                                                              Philip E. Berens, Defendant
                                                              Attorney for Defendant.

Date:_____

Case 2:02-cv-03857-EL     Document 6     Filed 07/09/2002     Page 12 of 12