UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| Plaintiff | : | |
| v. | : | |
| HOME PROPERTIES, L.P. t/a BROADLAWN APARTMENTS | : | |
| Defendant | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT**

<u>PLAINTIFF'S REPLY STATEMENT OF FACTS</u>

1. Plaintiff is attaching here as Plaintiff's Reply Exhibit A the plaintiff, Philip E. Berens', Motion to Return and Remand, with its twenty-nine (29) numbered paragraphs from 1 to 29, and the Plaintiff's Exhibits A to O which are a part of that Plaintiff's Motion to Return and Remand.

2. Defendant has not filed an Answer to the Plaintiff's Statement of Facts in Plaintiff, Philip E. Berens' Motion to Return and Remand, that contains twenty-nine (29) numbered paragraphs, numbered from 1 to 29.

3. Defendant has avoided the filing of an Answer to the Plaintiff's Complaint and now avoids filing an Answer to Plaintiff, Philip E. Berens' Motion to Return and Remand.

4. The defendant's intentional failure to file an Answer to those twenty-nine (29) of facts in Plaintiff, Philip E. Berens' Motion to Return and Remand, is an admission by defendant that those twenty-nine (29) statements are all correct.

5. When defendant filed Defendant's Removal Papers, in Common Pleas Court, the defendant then intended to move to dismiss the Complaint in Federal Court, indicating that the defendant thought that the Plaintiff's Complaint did not belong in Federal Court.

6. Defendant's filed Brief is not a replacement or a substitute for a Defendant's Answer that has not been filed.

7. In Defendant's <u>INTRODUCTION</u> in Defendant's Brief, the defendant stated "Plaintiff, who describes himself as a 'registered U.S. Patent Attorney.'"

8. Almost at the end of Defendant's Exhibit B, in a "Transcript of Proceedings," Philip Berens remembered his undergrad degree in chemistry at Penn and his entry into Penn's Law School.

9. Philip Berens is registered with the U.S. Patent and Trademark Office, where he passed a rigorous written examination many years ago.

10. Regarding defendant's incorrect conclusion in defendant's <u>INTRODUCTION</u>, in Defendant's Brief, the plaintiff never relied on 42 U.S.C. Section 1983, which only the defendant cited as "clearly not applicable."

11. Regarding defendant's incorrect conclusion in defendant's <u>INTRODUCTION</u>, in Defendant's Brief, the plaintiff never relied "…on a Supreme Court decision finding that a plaintiff stated a claim under Title VII," which only the defendant cited.

12. In defendant's <u>PROCEDURAL HISTORY AND FACTS</u>, in Defendant's Brief, in footnote 2, on page 3, it was stated that an unnamed "…defendant's counsel…" allegedly gave the "Removal Papers" to his unnamed "Administrative Assistant" on June

19, 2002 for mailing, but "the papers were not actually mailed to Plaintiff until the following day…"

13. The statement in defendant's footnote 2, on page 3, is questionable. The "Removal Papers" envelope was not delivered by the postman until June 24, 2002 in a next-day mail delivery system, which indicates that the Removal Papers were probably not mailed until June 21 or June 22.

14. In defendant's Removal Papers, that defendant filed on June 19, 2002, the defendant's attorney intentionally falsely signed a Certification of Service and intentionally delayed telling the plaintiff's attorney of the "Removal Papers" to delay any interference from the plaintiff's attorney.

15. On June 20, 2002, plaintiff's attorney obtained the Common Pleas Docket Entry, dated June 20, 2002, (attached as Exhibit Plaintiff's Reply Exhibit   ) that did not show any filing of "Removal Papers". Plaintiff's attorney, then, on June 20, 2002, filed an "Important Notice" which is the proper timely Common Pleas Notice that defendant is in default and has ten (10) days to file an Answer before a default is entered.

16. Plaintiff never agreed to postpone the defendant's deposition. Plaintiff actually appeared for that July 1, 2002 scheduled deposition that the defendant refused to attend and did not appear.

17. Defendant's counsel, on July 16, 2002, intentionally removed the date from his Wolf Block mail meter stamp machine when counsel allegedly mailed his current Defendant's Brief, allegedly on July16, 2002 as he certified on July 16, 2002, but was not received until July 18, 2002 in that same one-day mail service.

18. Because the defendant's attorney intentionally removed the date from his Wolf Block meter mail machine stamp, from the envelope that carried Defendant's Brief, it is not known when the defendant's attorney mailed defendant's Brief, but possibly not on July 16, 2002, as certified, because it arrived on July 18, 2002 in a one-day mail service system.

19. Plaintiff is attaching here as Plaintiff's Reply Exhibit        the Wolf Block envelope which was allegedly mailed on July 16, 2002, from which the mail meter stamp date was intentionally removed by defendant's attorney, possibly to cover a late mailed document from defendant's attorney.

20. On July 16, 2002, defendant's attorney intentionally attempted to fax ninety-two (92) pages of Defendant's Brief papers to plaintiff (see the attached cover sheet and "page 2" as Plaintiff's Reply Exhibit     ) that began that fax that ended with page 30. Then plaintiff's attorney phoned Wolf Block and told Wolf Block to mail all of those papers.

21. Plaintiff's attorney, Philip Berens, has always personally hand delivered all Motions and Answers and other documents to the office of attorney Douglas Diaz at the Wolf Block law office.

22. These small matters are an indication of larger tactics.

23. Defendant's <u>ARGUMENT</u> in Defendant's Brief is incorrect. Defendant's Brief was not fully, properly timely filed. Defendant did not properly, timely notify plaintiff of the Removal. There is sufficient Common Please State Jurisdiction to try this suit there.

24. Defendant's Notice of Removal was not timely filed.  In plaintiff's Motion to Return and Remand, at Plaintiff's Exhibit N, (attached here as Plaintiff's Exhibit    ), the Delaware County dockets, dated June 26, 2002., stated, "Attorney Douglas Diaz contacted Re $10.00 fee for docket to be transferred.  Attorney will be sending in money filed."  Defendant's attorney had not then, or maybe not now, completed defendant's alleged filing from Delaware County Pennsylvania Common Pleas Court.

25. Plaintiff was not promptly notified of the removal.  Paragraphs 5 to 16 in Plaintiff's Motion to Return and Remand were never denied in any Answer by defendant and are deemed to be admitted.  Paragraphs 5 to 16 are incorporated here by reference.

26. Plaintiff's Complaint does not invoke an exclusive federal question jurisdiction.  The plaintiff is not relying on exclusive federal law.

27. Defendant has citations in Defendant's Brief in pages 6 and 7 that the plaintiff disputes as not showing an exclusive federal jurisdiction.  The plaintiff only received these citations on Thursday, July 18, 2002.

28. In the last page of Defendant's brief (page 8), defendant discusses Plaintiff's Supplemental Answer to Defendant's Motion to Dismiss.  The plaintiff disputes the defendant's statements that the Plaintiff, "…is relying on federal law."  The plaintiff is only stating that the defendant's citation of these federal laws is incorrect.  Plaintiff agrees that the defendant's citation of 42 U.S.C. Section 1983 is "clearly not applicable."  <u>Plaintiff's Supplemental Memo of Law</u> only lists defendant's 6 cited laws and plaintiff then states how this shows how these defendant's six citations do not support the defendant's Motion to Dismiss.

29. <u>Hishon v King</u>, 467 U.S. 69 (1984), that was first originally cited by defendant in Defendant's Motion to Dismiss the Complaint, has no application in this suit because it refers only to Title VII in employment suits.  There is no employment issue here.  Defendant against refers to Title VII in Defendant's Brief, which is again disputed by plaintiff.

30.  Defendant has now, separately filed DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL ANSWER TO THE DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT.  This Defendant's Reply is a repetition of the Defendant's arguments at the end of Defendant's Brief and are disputed by plaintiff because they do not support the defendant's Motion to Dismiss.

<u>PLAINTIFF'S REPLY MEMORANDUM OF LAW</u>

31.  According to well-known Federal Pleading rules, allegations to which there is no pleaded Answer are deemed to be admitted.  Because of these twenty-nine (29) Statements of Fact and Admissions of them by the defendant, the Plaintiff's Complaint should be returned and remanded.  In addition, because of the facts and law that were stated in the Plaintiff's Motion to Return and Remand and the facts and law in this Plaintiff's Reply to Defendant's Brief, the Plaintiff's Complaint should be returned to the Delaware County Pennsylvania Common Pleas Court.

<u>CONCLUSION</u>

32.  Because of the facts and the law in this Plaintiff's Motion to Return and Remand and this Plaintiff's Reply, the plaintiff's Complaint should now be returned and

remanded to the Delaware County, Pennsylvania Common Please Court, where it was originally properly filed.

_____
Philip E. Berens
Plaintiff
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Philip E. Berens, hereby certify that a true and correct copy of the foregoing PLAINTIFF'S REPLY TO DEFENDANT'S LACK OF AN ANSWER TO PLAINTIFF PHILIP E. BERENS' MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT WHERE IT WAS ORIGINALLY, PROPERLY FILED was served by hand delivery and by regular mail on Monday, July 22, 2002 on the following:

**Douglas Diaz, Esquire**
**Wolf, Block, Schorr and Solis-Cohen**
**1650 Arch Street**
**22nd Floor**
**Philadelphia, Pa.  19103**

_____
Philip E. Berens, Attorney and Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HOME PROPERTIES, L.P. | : | |
| t/a BROADLAWN APARTMENTS | : | |
| | : | |
| Defendant | : | |

# O R D E R

And Now this            day of                                    , 2002 upon consideration and any responses thereto, it is hereby ORDERED AND DECREED that the plaintiff's Motion is GRANTED and the plaintiff's Complaint is returned and remanded to the Delaware County, Pennsylvania Court of Common Please where it was originally filed.

_____
J.

**V E R I F I C A T I O N**

I, Philip E. Berens, verify that the facts set forth in the attached PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT are true and correct to the best of my knowledge, information and belief based on information received.  I understand that any false statement made therein is subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
Philip E. Berens, Plaintiff
Attorney for Plaintiff


Date:_____