UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | NO. 02-CV-3857 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HOME PROPERTIES, L.P. | : | |
| t/a BROADLAWN APARTMENTS | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT**

In Plaintiff's Reply that was filed on Monday, July 22, 2002, the plaintiff stated at Plaintiff's Paragraph 27:

"27.  Defendant has citations in Defendant's Brief in pages 6 and 7 that the plaintiff disputes as not showing and exclusive federal jurisdiction.  The plaintiff only received these citations on Thursday, July 18, 2002."

Plaintiff has now researched those cases on pages 6 and 7 that were cited in Defendant's Brief.

The defendant cited ONeida vs. County of ONeida, 414 U.S. 661 (1974) on page 6 of Defendant's Brief.  In ONeida, the U.S. Supreme Court distinguished Taylor vs. Anderson, which held that the well-pleaded complaint rule determined the federal jurisdiction question.  In ONeida, "Indian title, recognized to be only a right of occupancy, was extinguishable only by the United States." (page 667).  In ONeida, the issue was a special Indian title, in which the United States was a party.  ONeida does not

apply in our Berens vs. Home Property suit, where the plaintiff filed a well-pleaded Complaint in the State Court.  Defendant has avoided filing any Answer to the Plaintiff's well-pleaded Complaint and has avoided filing an Answer to the Plaintiff's Motion.

The defendant cited Oklahoma vs. Graham, 489 U.S. 838 (1989) on page 6 of Defendant's Brief.   In Oklahoma vs. Graham, the U.S. Supreme Court held that the suit belonged in the State Court and should not have been removed to a Federal Court.  "The presence or absence of federal question jurisdiction is governed by the well-pleaded Complaint Rule." (page 840).  The defendant, Home Properties has asked your Court to dismiss the Complaint in Federal Court which is an admission by the Defendant, Home Properties, that the plaintiff's well-pleaded Complaint is essentially a State Court Complaint and should be returned and remanded to a State Court.

The defendant cited Derrico vs. Sheehan, 844 F.2d 22 (2d Circuit 1988) on page 6 of Defendant's Brief.  In Derrico, the Court stated, "Based on these events, Derrico filed a pair of charges with the Regional Counsel of the National Labor Relations Board."  (page 23).  In Derrico, the Court stated, "…Derrico's own pleading alleges a right to relief that necessarily depends on resolution of a substantial questions of federal law." (page 28).  "If the plaintiff decides not to invoke a federal right, his claim belongs in a State Court." Pan Am vs. Superior, 366, U.S. 656, (1961).  Philip Berens, as master of his complaint, has precluded removal to federal court by electing to avoid any available federal dimension of a claim and asserting only a distinct state law cause of action.

The defendant cited Federated vs. Moitie, 452 U.S. 394 (1981) on pages 6 and 7 of Defendant's Brief.  The first sentence in the Federated vs. Moitie opinion stated, "The only questions presented in this case is whether the Court Of Appeals for the Ninth

Circuit validly created an exception to the doctrine of res judicata." (page 395). In Federated vs. Moitie, Justice Brennan dissented on page 404 and wrote, "Where the plaintiff's claim might be brought under either federal or state law, the plaintiff is normally free to ignore the federal question and rest his claim solely on the state ground. If he does so, the defendant has no general right of removal."

The defendant cited North Am vs. Phillips, 579 F.2d 229 (2d Circuit 1978) on page 6 of Defendant's Brief. In North Am, it was stated, "Congress has created a broad comprehensive scheme covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. This has occupied the field to the exclusion of state law." (bottom of page 233 and top of 234). The laws that defendant relies on were exclusively federal. Plaintiff Philip Berens is properly relying on state law.

The defendant cited App. of County Collector of Winnebago, 96 F.3d 890 (7th Circuit 1996) on page 7 of Defendant's Brief. The Winnebago suit was started in a state court. Then the defendant School District removed the action to federal court. Plaintiff then filed Plaintiff's Motion to Remand and Return the Plaintiff's Complaint to the state court. The U.S. Court of Appeal then held that the defendant School District's actions in levying taxes did not involve a federal question that would allow removal to a federal court. This Winnebago opinion supports the Plaintiff's Motion to Return and Remand the Berens' suit to a state court.

The defendant cited American vs. Riverdale, 596 F.2d, 211 (7th Circuit, 1979) on page 7 of Defendant's Brief. In American vs. Riverdale, the Court of Appeals wrote on page 219, "Because the plaintiff's complaint does not raise a question of federal common

law, it does not 'arise under' federal law within the meaning of 28 U.S.C. Section 1331. For the same reason, the contention that jurisdiction is proper under 28 U.S.C. Section 1337 must also fail.  The district court, accordingly, was correct in dismissing the complaint for want of subject matter jurisdiction."  The plaintiff, Philip Berens', Complaint should, therefore, be returned and remanded to a state court.

The defendant has not cited, on page 7, of the Defendant' Brief, any controlling cases under Title VI of the Civil Rights Act and the Fair Housing Act, which only the defendant has cited here.  The plaintiff has not referred to either of these two citations in the plaintiff's Complaint.  The plaintiff's Complaint should not have been removed from the state court where it was first filed.

CONCLUSION

The Plaintiff's Complaint should be returned and remanded to the Delaware County, Pa. Court where it was first filed.

_____

Philip E. Berens, Attorney and Plaintiff

## CERTIFICATE OF SERVICE

I, Philip E. Berens, hereby certify that a true and correct copy of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT was served by hand delivery and by regular mail on July 25, 2002 on the following:

**Douglas Diaz, Esquire**
**Wolf, Block, Schorr and Solis-Cohen**
**1650 Arch Street**
**22nd Floor**
**Philadelphia, Pa.  19103**

_____
Philip E. Berens, Attorney and Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP E. BERENS : NO. 02-CV-3857
:
    Plaintiff :
:
v. :
:
HOME PROPERTIES, L.P. :
t/a BROADLAWN APARTMENTS :
:
    Defendant :

# O R D E R

And Now this            day of                              , 2002 upon consideration and any responses thereto, it is hereby ORDERED AND DECREED that the plaintiff's Motion is GRANTED and the plaintiff's Complaint is returned and remanded to the Delaware County, Pennsylvania Court of Common Please where it was originally filed.

_____
                                        J.

## **<u>V E R I F I C A T I O N</u>**

I, Philip E. Berens, verify that the facts set forth in the attached PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO RETURN AND REMAND THE PLAINTIFF'S COMPLAINT TO THE DELAWARE COUNTY, PA. COMMON PLEAS COURT are true and correct to the best of my knowledge, information and belief based on information received.  I understand that any false statement made therein is subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

 

_____
Philip E. Berens, Plaintiff
Attorney for Plaintiff


Date:_____