IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP E. BERENS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOME PROPERTIES, L.P. | : | No. 02-CV-3857 |
| t/a BROADLAWN APARTMENTS | : | |

**ORDER-MEMORANDUM**

AND NOW, this 30th day of July, 2002, defendant's motion to dismiss is denied. Fed. R. Civ. P. 12(b)(6). Plaintiff's motion to remand is granted on a ground not set forth in the motion, specifically the lack of federal jurisdiction. 28 U.S.C. § 1331 et seq.

Defendant Home Properties, L.P., t/a Broadlawn Apartments, removed this action from the Delaware County Court of Common Pleas citing federal question jurisdiction. 28 U.S.C. § 1331. The complaint alleges civil rights violations and "old age discrimination," arising out of plaintiff Philip E. Berens' eviction from an apartment owned by defendant. According to the notice of removal, the complaint implicates federal statutes. Removal not. at ¶ 2. Defendant now moves to dismiss for failure to state a claim or, in the alternative, for a more definite statement[1]: "Although these allegations involve federal statutes, Plaintiff never clarifies which statutes Defendant has allegedly violated." Def. mem. at 4. Plaintiff, *pro se*, asserts that removal was untimely and moves to remand.[2]

---

[1] Fed. R. Civ. P. 12 (b)(6), 12(e).

[2] The complaint was filed on May 22, 2002. Pl. mot. at ¶1. Defendant acknowledges receipt by hand delivery on May 30, 2002. Removal not. at 2. The state court docket shows that service was made on an even later date - June 7, 2002. Pl. exh. N. Under either time frame, the filing of the notice of removal on June 19, 2002 complied with the 30 day requirement of 28 U.S.C. Sec. 1446(b). Plaintiff's dispute as to the accuracy of the certificate of service is inapt. The certificate dated June 19, 2002 states that defendant's counsel: "caused a true and correct

Plaintiffs are "masters of their claims" and may select their remedies, which include not pursuing available federal causes of action.[3] Plaintiff's reply brief states that he "has precluded removal to federal court by electing to avoid any available dimension of a claim and asserting only a distinct state law cause of action." Pl. brief in reply at 2. So limited, there is no federal claim and this action must be remanded for lack of jurisdiction.

                                                              _____
                                                              Edmund V. Ludwig, J.

---

copy of the foregoing Defendant's Notice of Removal to be served via certified mail, postage pre-paid" to plaintiff. Defendant acknowledges that the notice was not actually placed in the U.S. mail by his administrative assistant until the next day. Def. mem. at 4. Plaintiff received the notice by certified mail on Monday, June 24, 2002 and by fax on Friday, June 21, 2002. Such service constitutes "prompt notice" under 28 U.S.C. § 1446(d). See Alpena Power Co. v. Utility Workers Union of America, Local 286, 674 F.Supp. 1286, 1287 (E.D. MI 1987)(written notice received by mail 13 days after filing is "prompt"); See also 4B Wright, Miller & Cooper § 1149 at 455 (3d ed. 1998) ("[T]here is no reason why notice cannot be sent by mail with the removal becoming effective when the notice actually is received by the adverse parties and the state court.")

[3] Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., \_\_\_ U.S. \_\_\_, 122 S. Ct. 1889, 1894, \_\_\_ L.Ed.2d \_\_\_ (2002) ("[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law . . . to have the cause heard in state court.'"), citing Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 2433, 96 L.Ed.2d 318 (1984).